Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| LCG Holdings, LLC.<br><br>Recurrente<br><br>vs.<br><br>Municipio Autónomo de Caguas<br><br>Recurrido | KLRA202300108 | **REVISIÓN ADMINISTRATIVA** procedente de la Junta de Subastas del Municipio de Caguas<br><br>Aviso de Adjudicación Núm.: RFP-2023-007<br><br>Sobre: Revisión Judicial sobre Determinación Administrativa |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Comparece ante nos, LCG Holdings, LLC (LCG Holdings o parte recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación del "Aviso de Adjudicación RFP-2023-007" emitido el 22 de febrero de 2023,[1] por la Junta de Subastas del Municipio de Caguas (Municipio o parte recurrida). Mediante dicha determinación, el Municipio adjudicó la buena pro a la empresa Global Trending, Inc. (Global Trending).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 25 de agosto de 2022, el Municipio de Caguas publicó el requerimiento de propuestas RFP-2023-003, con el fin de adquirir

---

[1] Notificado el 24 de febrero de 2023.

Número Identificador

SEN2023 _____

generadores eléctricos portátiles y recargables, con tecnología solar. No obstante, dicho RFP-2023-003 fue cancelado por la Junta de Subasta, según le fuera recomendado por el Comité Evaluador.[2] Así las cosas, el 21 de octubre de 2022, el Municipio de Caguas publicó un segundo requerimiento de propuestas RFP-2023-07, y nuevamente solicitó propuestas para la adquisición de generadores. Además, se convocó una reunión de orientación no compulsoria para el 25 de octubre de 2022, y se estableció el 2 de noviembre de 2022 como fecha límite para la entrega de las propuestas.[3] Como resultado de este proceso, se recibieron propuestas de cuatro empresas: LCG Holdings, Maxi Service, Martelec y Global Trending.[4]

Tras evaluar las propuestas presentadas por estas empresas, y tomando en consideración los criterios de evaluación establecidos en el requerimiento de propuestas RFP-2023-07,[5] el 21 de noviembre de 2022, el Comité Evaluador presentó un informe de recomendación. Según se desprende de dicho informe, la puntuación otorgada a las empresas fueron las siguientes: Global Trending (4.73), Maxi Service (4.12), LCG Holdings (3.93), y Martelec (3.40).[6] A base de estos resultados, el Comité Evaluador recomendó la adjudicación de la propuesta presentada por la empresa Global Trending.

Posteriormente, el 21 de febrero de 2023,[7] la Junta de Subastas del Municipio de Caguas emitió un "Aviso de Adjudicación RFP-2023-007", y adjudicó la buena pro a la empresa Global Trending.

---

[2] Véase, Apéndice a la pág. 259.

[3] Posteriormente, se estableció el 9 de noviembre de 2022 como nueva fecha límite para la entrega de las propuestas. Véase, Adendum Número 1 del 28 de octubre de 2022; Ap. a la pág. 250.

[4] Dichas propuestas se presentaron en sobre sellado. Las mismas fueron abiertas el 10 de noviembre de 2022, en presencia de los representantes de las empresas participantes.

[5] Estos criterios de evaluación sufrieron cambios en la puntuación. Véase, Adendum Número 3 del 4 de noviembre de 2022; Ap. a la pág. 248.

[6] Véase, Apéndice a las págs. 300-301.

[7] Archivado en autos el 22 de febrero, y notificado el 24 de febrero de 2023.

Inconforme con dicha determinación, LCG Holdings recurre ante este foro apelativo intermedio, y plantea la comisión de los siguientes errores, a saber:

> *Primer Error: El RFP-2023-007 incide en el debido proceso de ley de los licitadores al establecer parámetros de evaluación dispares en la sección IX inciso 3.*

> *Segundo Error: El RFP-2023-003 y el RFP 007 inciden en el debido proceso de ley de los licitadores al establecer una fecha de apertura del proceso posterior a la fecha límite de entrega de propuestas.*

> *Tercer Error: Abusó de su discreción la Junta de Subastas del Municipio de Caguas, al brindarle la oportunidad a Global Trending de presentar documentación extrínseca al expediente de subasta una vez iniciado el proceso de adjudicación.*

## II.

La subasta y el requerimiento de propuestas (request for proposal) son dos métodos que el Estado y los municipios utilizan para adquirir de bienes y servicios. *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 737 (2019). El propósito de estos es promover la buena administración del gobierno, proteger el erario, y evitar el favoritismo, la corrupción y el descuido en la contratación gubernamental. *Cordero Vélez v. Mun. de Guánica*, 170 DPR 237, 245 (2007). El procedimiento de subasta es uno formal, en el cual los licitadores presentan ofertas selladas que garantizan secretividad hasta tanto se efectúe la apertura de la licitación. Por tanto, no es hasta que se celebra el acto de apertura que los licitadores conocen las ofertas de los demás competidores. Por lo que, una vez se ejecuta la apertura, los licitadores están impedidos de modificar sus propuestas y sus términos se entienden finales. Posteriormente, dichas propuestas serán evaluadas por un comité, el cual emitirá una recomendación respecto al licitador que debe adjudicársele la buena pro. Finalmente, se adjudicará la buena pro al licitador agraciado, y se notificará el resultado a todos los postores.

En cambio, el requerimiento de propuestas, también conocido como request for proposal (RFP), se distingue por ser un procedimiento más flexible. Este procedimiento se utiliza cuando se pretenden obtener bienes o servicios especializados que involucran asuntos técnicos y complejos, o cuando existen pocos competidores cualificados. El RFP incluirá aquellos requisitos a considerar en la adjudicación del contrato, el valor que se asigne a éstos, y las fechas en que se recibirán las propuestas y se adjudicará la buena pro. Por lo general, se pauta la celebración de reuniones con el fin de discutir los requisitos y condiciones provistos en el RFP. A diferencia de la subasta, el requerimiento de propuestas permite que, durante la evaluación de las propuestas, el Estado o los municipios puedan negociar con los licitadores. Se trata de "un mecanismo que admite la compra negociada y, por lo tanto, confiere a los licitadores la oportunidad de revisar y modificar sus ofertas antes de la adjudicación de la buena pro". *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 997 (2009).

Aunque el RFP es un procedimiento distinto al de la subasta, el mismo está sujeto a los requisitos de notificación y los procedimientos de reconsideración y revisión judicial contenidos en la Ley de Procedimiento Administrativo Uniforme (LPAU). Adicionalmente, y al igual que en las subastas, se debe procurar la transparencia dentro del procedimiento y la protección del erario.

Ahora bien, como los municipios están expresamente excluidos de la definición de "agencia" que provee la LPAU, las subastas y los requerimientos de propuestas celebrados por los municipios están reguladas por el Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et seq.*

En lo concerniente, el Art. 2.035 del Código Municipal de Puerto Rico, 21 LPRA sec. 7211, dispone que, para adquirir bienes

y servicios, los municipios podrán utilizar los siguientes procedimientos, a saber: (1) subasta pública, (2) solicitud de propuestas (RFP), y (3) solicitud de cualificaciones (RFQ). Sobre la solicitud de propuestas, provee que "será utilizado para adquirir bienes, obras y servicios no profesionales que admite la negociación entre el oferente y el municipio, mientras se evalúan las propuestas recibidas". *Íd.* Asimismo, reconoce que, por tratarse de una compra negociada, los licitadores pueden revisar y modificar sus ofertas, siempre y cuando tal revisión o modificación se efectúe antes de la adjudicación de la buena pro. *Íd.* De igual forma, exige que el RFP incluya los requerimientos, términos y condiciones que se utilizarán para la adjudicación del contrato. *Íd.* A esos efectos, establece que los municipios adoptarán un reglamento, el cual incluirá las condiciones y los requisitos para la adquisición de los bienes y servicios. *Íd.*

Por su parte, el Art. 2.040 del Código Municipal de Puerto Rico, 21 LPRA sec. 7216, provee que, como norma general, al adquirir bienes y servicios "la Junta [de Subastas] adjudicará a favor del postor razonable más bajo". No obstante, podrá adjudicar a un postor que no sea necesariamente el más bajo, si con ello se beneficia el interés público. *Íd.* En tales circunstancias, la Junta de Subastas deberá incluir por escrito las razones que justifican tal adjudicación. *Íd.* Por esta razón, la Junta de Subastas tomará en consideración factores alternos, tales como "que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones". *Íd.*

Finalmente, resulta pertinente mencionar que, el Reglamento para la Administración Municipal de 2016, Reglamento Núm. 8873

del 19 de diciembre de 2016, regula lo relativo a la adquisición de bienes y servicios por medio de subasta. En lo pertinente al caso de autos, la Sección 11 del Reglamento Núm. 8873 dispone que la adjudicación de la subasta se hará en favor del licitador que reúna los siguientes criterios: (1) buen historial de capacidad y cumplimiento, (2) que cumpla con las condiciones y requisitos del pliego de especificaciones, y (3) que sea el licitador más bajo en precio, o que, aunque no lo sea, la calidad y/o garantías ofrecidas superen las demás ofertas.

**III.**

En sus primeros dos señalamientos de error, LCG Holdings alega que se le violentó su debido proceso de ley por las siguientes razones: (1) el RFP-2023-007 provee parámetros de evaluación dispares en la Sección IX inciso 3, y (2) el RFP-2023-007 establece una fecha de apertura posterior a la fecha límite de entrega de propuestas. No le asiste la razón, veamos por qué.

La Sección IX inciso 3 del RFP-2023-007 lee como sigue:

*Durante el proceso de evaluación, el Comité Evaluador y/o la Junta de Subastas, se reservan el derecho de solicitar a él o los proponentes seleccionados, datos adicionales, interpretación más precisa de la información o documentación ofrecida, y/o la realización de presentaciones orales. Luego, el Comité Evaluador, someterá a la junta de Subastas una Recomendación de Adjudicación o recomendará solicitar Una Mejor y Final Oferta (BAFO) a él o los proponentes seleccionados.*

La contención de la parte recurrente es que la precitada disposición establece la posibilidad de proveer un tratamiento dispar a los licitadores, toda vez que se les da a algunos proponentes mayor oportunidad de presentar documentación y de proveer explicaciones, mientras que otros tienen que restringirse a los documentos que pudieron compilar para la fecha de entrega.

Cónsono con el derecho antes esbozado, el requerimiento de propuestas (RFP), distinto al procedimiento formal de subasta, se

distingue por ser un procedimiento que permite que, **durante la evaluación de las propuestas**, **el Estado o los municipios puedan negociar con los licitadores**. Por consiguiente, los licitadores poseen la oportunidad de revisar y modificar sus ofertas antes de que se adjudique la buena pro. Como puede observarse, la Sección IX inciso 3 del RFP-2023-007 provee que, **durante el proceso de evaluación**, el Comité Evaluador y/o la Junta de Subastas puedan solicitar a los licitadores información o documentación adicional de sus propuestas. **Dicha solicitud es acorde con el proceso de negociación que reviste y caracteriza el RFP**, **pues**, **además de otorgarle a los proponentes una oportunidad para que puedan suplementar sus ofertas**, **también garantiza que el Comité Evaluador pueda emitir una recomendación más precisa**.

Por su parte, LCG Holdings alega que, como el RFP-2023-007 le violenta su debido proceso de ley, ya que el mismo establece una fecha de apertura posterior a la fecha límite de entrega de propuestas. Tras un vistazo del RFP-2023-007, somos del criterio que el mismo contiene varias fechas límites, entre ellas, una fecha límite de entrega y una fecha límite de apertura. Se estableció el **2 de noviembre de 2022** como fecha límite de entrega de propuestas. Así, la fecha de apertura se estipuló para el día siguiente, entiéndase, el **3 de noviembre de 2022**. Sin embargo, se establecieron nuevas fechas límites para la entrega y apertura de propuestas, el **9 de noviembre de 2022** y el **10 de noviembre de 2022**, respectivamente.[8] Contrario a lo que alega la parte recurrente, **la fecha del 9 de noviembre de 2022 se refiere a la fecha de apertura de las propuestas**, **y no a la fecha de apertura del procedimiento**. El propio RFP-2023-007 dispone

---

[8] Véase, Adendum Número 1 del 28 de octubre de 2022; Ap. a la pág. 250.

que **las propuestas se entregarán en sobre sellado**.[9]  Por lo que, **dichas propuestas fueron abiertas el 10 de noviembre de 2022, en presencia de los representantes de las empresas participantes**.[10] Contrario a las manifestaciones que hace LCG Holdings en su escrito, de este trámite no se desprende algún error insubsanable de notificación adecuada. Por entender que no surge ninguna violación al debido procedimiento de ley de la parte recurrente, los primeros dos señalamientos de error no fueron cometidos.

Por último, LCG Holdings aduce que la Junta de Subastas abusó de su discreción, pues le brindó oportunidad a Global Trending de presentar documentación extrínseca al expediente de subasta luego de iniciado el proceso de adjudicación.  Reiteramos que, **el permitir suplementar la solicitud de alguno de los licitadores luego de iniciado el proceso de RFP es cónsono con la flexibilidad que caracteriza dicho procedimiento**. **El requerimiento de propuestas admite la negociación entre los licitadores y el Municipio**, **por lo que**, **es totalmente válido que la parte recurrida requiera evidencia extrínseca como parte de su proceso de validación de propuestas**.  Precisamente, por esta razón el Municipio se reservó, entre otros derechos, el de "[**i**]**nvestigar las calificaciones de cualquier proponente en consideración**, **requerir la confirmación de información provista por un proponente y requerir evidencia adicional de las cualificaciones para cumplir con los requerimientos de esta RFP**". (Énfasis nuestro). Como los licitadores poseían la oportunidad de revisar y modificar sus ofertas antes de que se adjudicase la buena pro, el último señalamiento de error tampoco fue cometido.

---

[9] Véase, Ap. a la pág. 323; RFP-2023-007 a la pág. 6.
[10] Véase, Ap. a la pág. 298.

**IV.**

Por los fundamentos antes expuestos, se confirma el "Aviso de Adjudicación RFP-2023-007" emitido el 22 de febrero de 2023, por la Junta de Subastas del Municipio de Caguas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones